IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40194
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

DANIEL ZIPPER,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(C 94 CR 185)

_____

(September 13, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Zipper argues that the court erred when it refused to allow a

recess so that he could research the implications of counsel taking

the stand.  The government correctly argues that this argument is

reviewed for plain error.  The trial transcript shows that Zipper's

counsel did not object to the court's suggestion that, instead of

    [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

taking the stand himself, counsel recall Agent O'Brien to establish that only one bundle of marijuana was open.

Nevertheless, it is unnecessary for us to engage in a plain error analysis.  To show error, Zipper minimally must demonstrate that the court abused its discretion and that, as a result, he suffered "serious prejudice."  United States v. Correa-Ventura, 6 F.3d 1070, 1074 (5th Cir. 1993).  As the government points out, however, the trial court did not deny Zipper's request for a recess; more accurately, it merely postponed any decision about whether to allow a recess by offering counsel the option to recall Agent O'Brien, which counsel chose to follow.  Thus, Zipper does not meet the first prong of his burden in showing that the district court committed any error, plain or otherwise.

A F F I R M E D.